UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BOBBY CLIFTON SETZER, JR., #1060559,

    Petitioner,

v.                                                           ACTION NO. 2:15cv517

HAROLD W. CLARKE,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Bobby Clifton Setzer Jr.'s *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the respondent's motion to dismiss, ECF No. 9. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 9, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I.    STATEMENT OF THE CASE

Setzer is in state custody pursuant to convictions in the Norfolk Circuit Court. On August 13, 2012, Setzer pled guilty to voluntary manslaughter, possession of a firearm by a nonviolent convicted felon, and unlawful discharge of a firearm in an occupied dwelling. *Commonwealth v. Setzer*, CR12001686-00-03 (Va. Cir. Ct.). On March 8, 2013, Setzer was

sentenced to ten years in prison for voluntary manslaughter (with no years suspended), five years in prison for possession of a firearm by a nonviolent convicted felon (with three years suspended), and five years in prison for unlawful discharge of a firearm in an occupied dwelling (with four years suspended) for a total of thirteen years to serve. *Id.* Setzer did not file an appeal.

On March 11, 2015, Setzer filed a habeas petition in the Supreme Court of Virginia contending that his Sixth Amendment rights were violated when he was denied effective assistance of counsel. On August 20, 2015, the Supreme Court of Virginia dismissed Setzer's petition. *Setzer v. Clarke*, Record No. 1060559 (Va.).

On December 1, 2015, Setzer filed his present petition in this Court. In his petition, Setzer alleges that he was denied the effective assistance of counsel in violation of the Sixth Amendment because his attorney "grossly miscalculated the maximum sentence petitioner would have to serve, based on a failure to review statutes and caselaw that govern whether petitioner's juvenile records would be factored into his pre-sentence report, thus inducing the petitioner to accept a plea involuntarily and unintelligently, instead of going to trial." ECF No. 1 at 7. On February 11, 2016, respondent filed a rule 5 answer and motion to dismiss. ECF Nos. 9-11. On March 17, 2016, Setzer filed a response in opposition and request for evidentiary hearing. ECF No. 15. Accordingly, this matter is ripe for review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court **RECOMMENDS** that Setzer's petition be **DISMISSED** on statute of limitations grounds.

A.  **Exhaustion**

In order for the Court to address Setzer's petition, his claim must be exhausted. *See* 28 U.S.C. § 2254(b). Exhaustion requires that all "essential legal theories and factual allegations advanced in federal court be the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). The claim in Setzer's current petition is exhausted because he raised it in the habeas petition filed in the Supreme Court of Virginia. *Setzer v. Clarke*, Record No. 1060559 (Va.). Respondent concedes that Setzer exhausted his claim. ECF No. 11 at 2.

B.  **Statute of Limitations**

Setzer's petition is time-barred by the statute of limitations. Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), section 2254 petitioners are subject to a one-year statute of limitations, which begins to run from "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1). This time period tolls when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2).

Setzer's state court conviction became final on April 8, 2013.[1] Accordingly, Setzer had until April 8, 2014 to file his habeas petition in this Court. The habeas petition that Setzer filed

---

[1] If a state prisoner does not appeal the state court judgment, the conviction becomes final when the time for filing an appeal expires. 28 U.S.C. § 2244(d)(1)(A). Here, Setzer's time to appeal the state court judgment expired thirty days after its entry on March 8, 2013. Va. Sup. Ct. R. 5A:6(a); *Commonwealth v. Setzer*, CR12001686-00 (Va. Cir. Ct.).

in state court, on March 11, 2015, did not toll the federal statute of limitations because he filed it after the federal limitations period expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (finding that a state court petition "filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled"). In his response in opposition to respondent's motion to dismiss, Setzer argues that his petition should be equitably tolled because Virginia Code § 8.01-654(A)(2)[2] impeded his timely filing of a habeas petition in this Court. ECF No. 15 at 6. Contrary to Setzer's assertions, however, the state statute of limitations in Virginia has no impact on the one-year federal limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("AEDPA's one-year statute of limitations, even if in tension with a longer state statute of limitations, does not render federal habeas an inadequate or ineffective remedy."). Setzer did not file his habeas petition in this Court until March 17, 2016, outside the one-year statute of limitations prescribed by the AEDPA. Accordingly, the Court **RECOMMENDS** that Setzer's petition be **DISMISSED** on statute of limitations grounds.

Setzer requests an evidentiary hearing so that his former trial counsel may testify to the assistance he provided Setzer. ECF No. 15 at 2. The dismissal of Setzer's petition on statute of limitations grounds, however, renders such a hearing unnecessary. The Court can decide the matter based on the record and, accordingly, **DENIES** petitioner's request for a hearing.

---

[2] Section 8.01-654(A)(2) specifies: "A petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues. A habeas corpus petition attacking a criminal conviction or sentence, except as provided in § 8.01-654.1 for cases in which a death sentence has been imposed, shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later."

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 9, be **GRANTED,** and the petition for writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that, pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing report and recommendation within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the report and recommendation will result in waiver of the right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
May 3, 2016